443 So.2d 233 (1983)
Carl Dennis EVANS, Appellant,
v.
Sarah M. EVANS, Appellee.
No. AQ-319.
District Court of Appeal of Florida, First District.
December 14, 1983.
*234 Carroll L. McCauley, Panama City, for appellant.
Michael C. Overstreet, Panama City, for appellee.
SHIVERS, Judge.
Dennis Evans, the husband, appeals from a supplemental final judgment of dissolution of marriage. He raises four points on appeal: (1) that there was no competent and substantial evidence to support the trial court's finding that his income was other than that shown by his proof at trial; (2) that the financial provisions exceed his ability to pay; (3) that the trial court erred when it awarded his former wife, Sarah Evans, permanent periodic alimony; and (4) that the trial court erred when it failed to order an automatic termination of child support. We find appellant's first two contentions without merit and reverse and remand with respect to his latter two contentions, that is, the permanent periodic alimony award and the trial court's failure to order an automatic termination of child support.
The parties involved in this appeal were married in 1965, and have three children, ages sixteen, twelve and nine as of the time of the dissolution. Dennis Evans is a self-employed architect, having graduated from the University of Florida. Sarah Evans is and has been a legal assistant at a law firm since 1975. She handles real estate closings. Sarah Evans' education consists of a high school equivalency degree.
Sarah Evans was thirty-five when the dissolution was granted. The amended financial affidavit filed by Mrs. Evans indicates a gross annual income of about $12,500; with her projected income for 1982 estimated at $13,500. Sarah Evans claimed monthly expenses of approximately $2,866 for herself and the children. Mrs. Evans also owns, individually through inheritance, property with an equity value of approximately $50,000.
Dennis Evans' level of income was uncertain and the evidence presented to the trial court establishing the same was contradictory as demonstrated: (i) Mr. Evans filed a financial affidavit stating that his average gross monthly income was $1,407 (net $1,216), or about $16,900 a year (net $14,600); (ii) Mr. Evans testified before the trial court that his income in 1981 was about $22,000 or $24,000 and would be about the same for 1982; and (iii) in October of 1981, Mr. Evans listed his approximate gross income in a credit application to Bay Industrial Credit Union at $30,000. Additionally, Sarah Evans submitted evidence to the trial court that Dennis Evans had personal expenditures of approximately $3,000 a month for the months of February through May of 1982 and that Mr. Evans' architectural business, operated as a sole proprietorship, had gross receipts of $51,000 in 1980, $80,000 in 1981 and a conservative projection of $96,000 in 1982.
During the Evans' marriage, they acquired a marital home  with an equity value of $4,000 or $19,000 according to the financial affidavits filed by Sarah and Dennis Evans, respectively, two automobiles, a sailboat, a sailrider, $5,000 in certificates of deposit  received from Sarah Evans' aunt, and Mr. Evans' business assets. In the supplemental final judgment under review, the trial court granted the marital residence and furnishings therein to Sarah Evans as lump sum alimony with the condition that she assume all outstanding mortgage indebtedness on this property, granted the parties their respective automobiles, granted Dennis Evans all the business assets located at his architectural business, directed that Dennis and Sarah Evans retain ownership of their sailboat and sailrider as tenants in common, directed that $4,000 of the certificates of deposit be held in trust for the minor children for their orthodontic and dental expenses with the remaining $1,000 to be divided equally between Sarah and Dennis Evans, and directed Dennis Evans to pay by way of child support, the sum of $200 per child, per month, and by way of permanent periodic alimony, the sum of $400 per month to Sarah Evans.
In his appeal from this judgment, Dennis Evans first contends, as previously *235 noted, that there was no competent and substantial evidence to support the trial court's finding that his income was other than that shown by his proof at trial. We disagree. To the contrary, we find that the record contains ample, competent evidence to support the trial court's findings that Dennis Evans' testimony regarding his income lacked credibility and that Dennis Evans' income exceeded that which was reported on his financial affidavit and that which he testified. Here, the evidence proffered by Dennis Evans with respect to his income level was clearly contradictory. Confronted by these contradictions, Sarah Evans presented evidence to the effect that Dennis Evans' income was much greater than the $16,900 listed on his financial affidavit. In dissolution cases, the trial judge is in a better position to assess the financial capabilities of the respective parties and their credibility with respect to this issue. See McDonald v. McDonald, 368 So.2d 1283 (Fla. 1979). Accordingly, we will not substitute our judgment for the trial court's determination where, as here, the record shows that the husband's income was in dispute and there is competent, substantial evidence to support the trial court's findings.
Interrelated with appellant's first contention, Dennis Evans next contends that the financial provisions of the final decree exceed his ability to pay. However, this contention is also without merit since it is based on the premise that Dennis Evans' gross annual salary is at or near $17,000. As noted previously, the trial court found otherwise and we find competent, substantial evidence in the record to support this finding. Therefore, viewing the evidence in the light most favorable to the appellee, e.g., that Dennis Evans was earning at least $30,000 annually as evidenced by his credit application to Bay Industrial Credit Union, we cannot say that the financial provisions are clearly excessive and thereby exceed Dennis Evans' ability to pay.[1]
Dennis Evans thirdly contends that the trial court erred in awarding Sarah Evans permanent periodic alimony. We agree. Sarah Evans is relatively young, thirty-five years of age as of the time of dissolution, is in good health, and is a legal assistant in a law firm with a present earning capacity of between $12,500 and $18,000 a year (the latter figure representing Sarah Evans' approximate income in 1981). At the dissolution hearing, Sarah Evans expressed the desire to go to college to enhance her opportunities for advancement. To award her permanent periodic alimony of $400 a month for the rest of her life would appear to impair any desire she might have to strive forward financially. We, therefore, hold that the trial court abused its discretion in awarding Sarah Evans permanent periodic alimony and direct the trial court, upon remand, to award her rehabilitative alimony in an amount and for a time period that will allow Sarah Evans to pursue her desire to obtain a college education without unduly burdening her parenting obligations to her children. If at the end of the rehabilitation period, Sarah Evans can demonstrate that she has made a diligent effort toward rehabilitation which has failed through no fault of her own, she can move for an extension of the rehabilitative alimony or for an award of permanent alimony. See Greene v. Greene, 347 So.2d 1090 (Fla. 1st DCA 1977).
Finally, Dennis Evans contends, which contention is undisputed by Sarah Evans, that the trial court erred when it failed to order an automatic termination of child support. We agree and direct that upon remand the supplemental final judgment *236 should be amended to reflect that the child support for the benefit of the parties' minor children should be reduced proportionately as each child attains majority, marries or dies.
In summary, those portions of the supplemental final judgment which award Sarah Evans the marital residence, awards the parties their respective automobiles, awards Dennis Evans all the business assets located at his architectural business, directs that Mr. and Mrs. Evans retain ownership of their sailboat and sailrider as tenants in common, directs the disposition of the $5,000 in certificates of deposit, and directs Dennis Evans to pay by way of child support the sum of $200 per child, per month, are affirmed. The supplemental final judgment is reversed as to the award of permanent periodic alimony and upon remand the trial court should award Sarah Evans rehabilitative alimony in an amount and for a time period sufficient to allow Sarah Evans to establish her capacity for self-support. Furthermore, upon remand the trial court is to amend the supplemental final judgment to reflect that the child support payments are to terminate as each child attains majority, marries or dies.
AFFIRMED in part, REVERSED in part and REMANDED with directions.
MILLS and ZEHMER, JJ., concur.
NOTES
[1] In connection with appellant's first two contentions on appeal, Dennis Evans also argues that the trial court's decree must be reversed on the basis that the trial court failed to set forth what level of income Dennis Evans was actually earning. Although we recognize the concern that the lack of such a finding engenders, we do not find a requirement for this kind of finding in Chapter 61, Florida Statutes. However, we highly recommend that such findings be made in dissolution cases and especially in cases such as the instant one where the husband's salary is in dispute. Without such a finding, judicial labor is unnecessarily increased at both the appellate level, in reviewing the judgment, and at the trial level, e.g., where argument is made as to changed circumstances in a modification of alimony judgment proceeding.