478 So.2d 380 (1985)
George WYNN, Appellant,
v.
Shirley A. WYNN, Appellee.
No. 84-1568.
District Court of Appeal of Florida, Fifth District.
October 17, 1985.
Rehearing Denied November 19, 1985.
*381 Walter T. Rose, Jr., of Rose & Weller, Cocoa Beach, for appellant.
Benjamin Y. Saxon, of Saxon & Richardson, P.A., Melbourne, for appellee.
PER CURIAM.
In this dissolution action the trial judge equitably distributed some of the marital assets by equally dividing stock and silver certificates and an investment account, awarding the husband a 1981 Chevrolet van, a boat, motor and trailer, and awarding the wife a 1978 Oldsmobile. However, the wife was then awarded, as lump sum alimony, the parties' jointly held interest in the major marital assets, being the marital residence and other real property at 2243 Pineapple Avenue, Melbourne, Florida, and itemized personal property totaling $10,545.
Here, as in Lynch v. Lynch, 437 So.2d 234 (Fla. 5th DCA 1983), and Gorman v. Gorman, 400 So.2d 75 (Fla. 5th DCA 1981), the wife's earnings and earning ability are such as not to justify lump sum alimony for support purposes. She was found to be entitled to no special equities and there is no necessity or legal justification for making an unequal and inequitable distribution to her of the husband's interest in the most valuable of the marital assets which the parties, upon dissolution, would otherwise share equally as tenants in common under section 689.15, Florida Statutes. Such an unnecessary, unjustified, and unequal distribution of marital assets shortchanges one marital partner and is correctable on appeal. See Marcoux v. Marcoux, 464 So.2d 542 (Fla. 1985); Ente v. Ente, 442 So.2d 232 (Fla. 5th DCA 1983).
Accordingly, the award to the wife of the husband's interest in the Pineapple realty and in all of the personalty listed on petitioner's exhibit six is reversed.[1] The wife is awarded the items selected and circled by her on petitioner's exhibit six (valued at $5,900) and the husband is awarded the remaining items (valued at $5,516). The final judgment is otherwise affirmed.
AFFIRMED IN PART; REVERSED IN PART.
COBB, C.J., and ORFINGER and COWART, JJ., concur.
NOTES
[1] This holding is subject, of course, to the right of each party to an accounting and share of income from the property and to the obligation of each party to pay his or her proportionate share of all mortgage, insurance, taxes and necessary maintenance. See Farrington v. Farrington, 390 So.2d 461 (Fla. 3d DCA 1980), rev. denied, 399 So.2d 1142 (Fla. 1981); Smith v. Smith, 378 So.2d 11 (Fla. 3d DCA 1980), rev. denied, 388 So.2d 1118 (Fla. 1980); Singer v. Singer, 342 So.2d 861 (Fla. 1st DCA 1977); Wood v. Friedman, 388 So.2d 1355 (Fla. 5th DCA 1980); Rubino v. Rubino, 372 So.2d 539 (Fla. 1st DCA 1979).