522 So.2d 552 (1988)
David R. WISMAR, Appellant,
v.
Mary E. WISMAR, Appellee.
No. 87-935.
District Court of Appeal of Florida, Fifth District.
March 31, 1988.
*553 Kenneth D. Morse of Matthias, DeLancett, Morse & Robb, P.A., Orlando, for appellant.
Michael Sigman, Orlando, for appellee.
COBB, Judge.
In this case the parties were married for eight years and had two minor children. The wife was awarded $58.00 per week as permanent, periodic alimony and $90.00 per week as child support for the children. The children reside with the husband six out of every fourteen days. The wife also received one-half of the present value of the husband's pension benefits and leasing partnerships, as well as one-half of the proceeds of the sale of the marital home.
The appellant husband contends the award of permanent, periodic alimony in this case was an abuse of discretion.[1] An award of permanent alimony is improper where the evidence does not reflect a permanent inability on the part of the wife to become self-sustaining. Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983), petition for review dismissed, 453 So.2d 1364 (Fla. 1984). In the instant case, the husband is employed as an accountant, earning a salary of approximately $30,000 per year. The wife, age 32, has a master of science degree in management, and works as the editor of the Rollins College Alumni Magazine, earning approximately $19,000 per year. The wife's education and earning ability show that she has the capacity for self-support, and the parties are in similar financial positions. See Evans v. Evans, 443 So.2d 233 (Fla. 1st DCA 1983) (award of permanent alimony to the wife, who was 35 years of age, in good health, and had present earning capacity between $12,500 and $18,000 per year was an abuse of discretion, even though the husband was earning at least $30,000 annually).
The award of permanent alimony in this case, without any basis or justification in the record, except as a means to provide the wife with a higher standard of living at the husband's expense, constitutes an abuse of discretion. Accordingly, we reverse the permanent alimony award.
Since the wife had a substantially equal ability to pay attorney fees, we also reverse the trial court's award in that respect. See Bloodwell v. Bloodwell, 508 So.2d 771 (Fla. 5th DCA 1987). We otherwise affirm the trial court's apportionment of the assets and liabilities of the parties.
AFFIRMED in part; REVERSED in part; and REMANDED.
ORFINGER, J., concurs.
SHARP, C.J., dissents without opinion.
NOTES
[1] The wife admits that rehabilitative alimony would not be appropriate, since further training or education is not necessary or desired.