CAMPBELL, Chief Judge.
Appellant/husband, Jonathan T. Zachary, appeals an amended final judgment of dissolution of marriage and a subsequent order awarding appellee/wife, Marie B. Zachary, attorney’s fees and costs. The appeals were consolidated by an earlier order of this court.
We reverse only that portion of the amended final judgment of dissolution that pertains to the award of the marital residence of the parties and the disposition of their respective retirement plans. We otherwise affirm the judgment of dissolution. We also reverse the order awarding attorney’s fees and costs.
At the time the parties separated in May 1986, they had been married twenty-seven years. Husband had been employed twenty-eight years with the Florida school system and, at trial, had a gross annual salary of $54,000. His hands are dysfunctional in that they are atrophied due to incompetent medical treatment in the early 1940’s. He also suffers high blood pressure.
Wife also established a career in the public education system. She has been an educator for nineteen years and is currently an educational diagnostician earning approximately $31,500 for a ten-month period. In 1987, she suffered an angina attack, but suffers no other illness or disability.
The only substantial asset of the parties is the marital residence purchased in 1972 for $43,000. The fair market value of the home is $175,000, with a mortgage of $21,-000, leaving an equity of $154,000.
The marital residence is a 2,009 square foot, three bedroom, two bath, waterfront home with pool and dock. Wife testified that it costs approximately $1,600 per month to maintain the home. It is occupied solely by Wife. Wife testified that she could find other suitable places to live for less than $1,600 a month, and that due to her health she is unable to maintain the residence herself.
The parties each have a retirement plan with the Pinellas County school system. During the final hearing, Husband testified that the noncontributory plans do not have a value until each actually retires and begins receiving benefits. Wife’s expert also testified that the plans have no cash value, and that if either party does-not live to retire, he or she will not receive any benefits.
During the final hearing, counsel for Husband objected to Wife’s expert’s testimony regarding the present value of the parties’ retirement plans on the ground that due to the unusual nature of the plans, their present value was speculative and any testimony was irrelevant and immaterial. Counsel for Husband did not argue that the plans should be ignored, but that because of their unusual nature, they should be distributed only at the time that they are received by Husband and Wife. The trial court sustained Husband’s objection.
Subsequent to the trial court’s ruling on the objection, counsel for Wife proffered the testimony of Wife’s expert. Because the trial court had sustained Husband’s objection to the testimony, Husband did not offer any expert testimony as to the valuation of the plans.
*579 The trial court subsequently entered a final judgment of dissolution of marriage in which it granted Husband’s request that the marital residence be partitioned and sold with the net proceeds divided between the parties. It also ordered that upon their receipt, the retirement benefits acquired during the marriage were to be distributed equally between the parties. The trial court also ordered the parties to obtain computations of their interests in the respective plans from the date of the marriage until the date of the final hearing, and ordered that upon receipt of his benefits, Husband would be required to pay Wife an amount sufficient to accomplish an equal allocation of the benefits on a monthly basis.
Wife then filed a motion for rehearing which was granted. At the rehearing, no new evidence was presented. Wife urged the court to reconsider her expert’s proffered testimony and admit it into evidence for the purpose of evaluating the retirement plans. It does not appear from the record that the court ever ruled that the proffered testimony would be received. Husband produced no additional testimony.
Nevertheless, on October 17, 1988, the trial court entered an amended final judgment in which it apparently relied on the proffered testimony reargued during the rehearing, and reversed the final judgment as to the marital residence and retirement plans. Without any findings of fact or evidentiary support from the record, the trial court awarded the marital residence to Wife. Without any findings of fact or support from the record regarding valuation of retirement plans, the court then ruled that each party was awarded his/her respective retirement plan. It appears that the trial court’s purpose was to offset Husband’s interest in the marital home with the difference in value, if any, of the retirement plans.
While it has been held possible for the purposes of equitable distribution of marital assets to assign a present value to vested, noncontributory retirement plans that have no recoverable value absent the act of retirement, there is no evidence that appears to have been admitted into evidence in this proceeding that could have afforded the trial court the basis for assigning such a value. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986).
We, therefore, conclude that the award of the marital home solely to Wife, thereby depriving Husband of his equity in the major asset of the marriage, was error. Such an award, absent a special interest or particular need of Wife in this case, results in an inequitable distribution of marital assets without a showing in the record that Husband received something of “offsetting value.” We, therefore, reverse the award of the marital home and the provision of the amended final judgment relating to the retirement plan of the parties. On remand, the court may receive additional testimony as it pertains to the marital home and the retirement plans, and thereafter distribute those assets on an equitable basis.
The trial court, subsequent to the entry of its amended final judgment, entered the order awarding attorney’s fees and costs and requiring Husband to pay one-half of Wife’s attorney’s fees and costs. The parties had stipulated to an award of reasonable attorney’s fees and costs. Because our disposition of this appeal affects the distribution of the parties’ assets and the resulting availability of funds to each party, we conclude that the trial court should revisit the issue of attorney’s fees. It may be that, on remand, the stipulation of the parties is no longer viable. Regardless, absent a specific stipulation as to specific amounts of attorney’s fees or a stipulation as to hours expended and rates to be applied, the trial court should ensure compliance with Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
Reversed in part and affirmed in part, and remanded for proceedings as directed herein.
SCHOONOVER and LEHAN, JJ., concur.