553 So.2d 334 (1989)
Charles Thomas REZNER, Appellant,
v.
Karen Carmen REZNER, Appellee.
No. 88-2156.
District Court of Appeal of Florida, Fourth District.
December 6, 1989.
*335 Paul F. King of Edna L. Caruso, P.A., West Palm Beach, for appellant.
Burton G. Sharff, West Palm Beach, for appellee.
WARNER, Judge.
The husband appeals a final judgment of dissolution claiming that the award of permanent alimony to the wife and the division of the marital property amounted to an abuse of discretion by the trial judge. We agree and reverse.
The wife has primary physical custody of one minor child and receives child support for this child. The husband has primary physical custody of the parties' other two children. Despite the fact that the income of both parties was insufficient to meet their respective expenses, the wife received an award of permanent periodic alimony which resulted in her having a greater disposable income than the husband.[1] The wife contends that the trial court was attempting to equalize their respective positions. However, with the husband supporting two of the children without any support flowing from the wife the result is to make their positions substantially unequal.
Furthermore, the wife has the ability to become and is in fact self supporting. She is a teacher who has advanced rapidly since re-entering this profession. Her income is more than two-thirds of her husband's current income. The wife has also been a very successful real estate salesperson in the past, at one time selling $500,000 of real property in one month. With this kind of support ability on behalf of the wife the award of permanent alimony to the wife was an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). See also Contogeorgos v. Contogeorgos, 482 So.2d 590 (Fla. 4th DCA 1986), and Wismar v. Wismar, 522 So.2d 552 (Fla. 5th DCA 1988).
We also reverse the award to the wife of the husband's interest in the marital home as lump sum alimony. That distribution to the wife resulted in the wife receiving 80% of the marital assets.[2] We have held in Longo v. Longo, 533 So.2d 791 (Fla. 4th DCA 1988), that marital assets should be divided equally unless there is some showing of disparity in contribution or other justification to warrant the disparate treatment. The trial court expressed no justification except that it was awarded as "lump sum alimony and in full payment of Respondent's obligation towards Petitioner's attorney fees and costs." Compensation for attorney's fees is not a justification for disparate division of marital assets under Canakaris, Tronconi v. Tronconi, 425 So.2d 547 (Fla. 4th DCA 1982), aff'd 466 So.2d 203 (Fla. 1985), or any other decided authority. Lump sum alimony is a method with which to satisfy support obligations, special claims, or equitable disposition of interests in jointly held properties. Tronconi, 466 So.2d at 205. It is not a vehicle to assure payment of attorneys fees. In addition, the amount of attorney's fees claimed here was only about one-fourth of the value of the husband's one-half interest in the home. Therefore, even under the trial court's rationale, the wife would be substantially overcompensated for her attorney's fees.
There are in this case other factors in the record which may justify a disparate division of marital assets or the award of lump sum alimony to the wife. Whether and to what extent these factors are sufficient to justify the division made by the trial court absent the justification of attorneys fees is properly left to the trial court's resolution, and we remand for the trial court to redetermine *336 the equitable distribution of marital assets and lump sum alimony. Furthermore, the trial court will have to evaluate the request for attorneys fees on behalf of the wife after it distributes the marital assets.
Finally, on remand the trial court should provide for payment of the parties' credit card debts which was not addressed in the final judgment. See Italiane v. Italiane, 342 So.2d 1003 (Fla. 4th DCA 1977).
Reversed and remanded for further proceedings consistent with this opinion.
ANSTEAD and GLICKSTEIN, JJ., concur.
NOTES
[1] Our result therefore takes into account the amended final judgment which changed the primary physical residence of one of the children. While by order it appeared that this court had denied a motion to supplement the record with this order, that was in fact an error.
[2] The husband has also claimed that the wife received the balance of their money market account which was not considered by the trial court. Including those monies, the wife received more than 80 percent.