553 So.2d 1389 (1990)
Addison L. BAIN, Appellant,
v.
Ingeborg K. BAIN, Appellee.
No. 89-451.
District Court of Appeal of Florida, Fifth District.
January 4, 1990.
*1390 James R. Dressler, Cocoa Beach, for appellant.
Paul M. Goldman of Spielvogel and Goldman, P.A., Merritt Island, for appellee.
COBB, Judge.
The central issue on this appeal is whether the trial court abused its discretion in distributing marital assets and awarding permanent periodic alimony. The former wife was born in Germany in 1928 and was age 60 at the time of the November, 1988, trial. She studied several years at a university in Germany and then emigrated to the United States in 1959 at age 30. The former wife worked as a bank teller in Miami from 1959 until 1964 and then as an engineer with Boeing, earning approximately $12,900.00 per year at the time of the marriage in September of 1968. She was laid off from Boeing in 1969 and took employment with a hospital. In 1971, the former wife obtained a real estate license and has continuously contributed to FICA. According to the former wife's testimony, she saw a psychologist for the first time five weeks prior to the November trial, after having been hospitalized and treated for colon spasms and an ulcer brought on by stress. She claims to have earned only $600.00 since April of 1988.
At the time of the marriage, the former husband was working full time for NASA with a GS-12 rating, earning approximately $12,000.00 per year. He received an engineering degree in 1969 and a Master's Degree in systems management in 1972. At the time of the trial, the former husband was age 53, had a GS-15 rating, and was grossing some $63,000.00 per year, with a civil service retirement plan in lieu of FICA contributions. The parties had separated in August of 1985.
On February 14, 1986, the former wife filed a petition for dissolution of marriage and in April of that year both parties signed a marital settlement agreement. Subsequent to this, the trial court heard the ex parte testimony of the former wife, who on direct examination claimed an oral modification of the settlement agreement had been made for biweekly alimony of $680.00 to be reduced to $550.00 biweekly (the settlement agreement amount) should she gain employment in the $24,000.00 per year range. The trial court rendered its final judgment on July 22, 1987, incorporating the settlement agreement except for the alleged oral modification.
*1391 Subsequent to this, the trial court granted the former husband's motion to set aside the final judgment. Both parties agreed that the matters of alimony and equitable distribution should be decided. The trial court rendered an amended final judgment setting permanent periodic alimony at $680.00 biweekly. The wife was awarded the marital residence (Cape Shores Condominium, $72,000.00); the Hilton Head timeshare unit ($5,900.00); the Driftwood timeshare unit (225-E, $6,900.00); all of the furniture, furnishings, equipment, fixtures and appliances presently located in the marital residence; a 1985 Ford; her own IRA account; and any other accounts then in her name. In addition, the former wife was to receive a 25% interest in the former husband's civil service retirement.
The former husband received another Driftwood timeshare unit (310-A, $3,500.00); a vacuum cleaner, 13-inch color television, stereo system, tools, fishing gear, and suitcases; a 1985 Chevrolet; his IRA account; and two burial spaces. In respect to alimony, the trial court held that the former wife's age, adverse physical and emotional condition, long absence from the work place, "and other factors" all showed that the former wife lacked the capacity for self-support. In respect to equitable distribution, the trial court considered the criteria in section 61.08, Florida Statutes (1987).
It is the court's responsibility to achieve an equitable distribution of marital assets. Generally, a 50/50 split of marital assets is not required, but is a good starting point. Moore v. Moore, 543 So.2d 252, 256 (Fla. 5th DCA 1989).[1] Unequal distribution must be justified. Wynn v. Wynn, 478 So.2d 380 (Fla. 5th DCA 1985); Ente at 234.
Marital assets include assets acquired during a marriage, individually by either spouse or jointly by them.[2] The choice of dates to value marital assets is largely within the trial court's discretion. Moore at 257; Perlmutter v. Perlmutter, 523 So.2d 594 (Fla. 4th DCA 1987), review denied, 531 So.2d 1354 (Fla. 1988). See also § 61.075(4), Fla. Stat. (Supp. 1988).[3] Regarding retirement pensions, premarital contributions should be excluded. Zaborowski v. Zaborowski, 547 So.2d 1296 (Fla. 5th DCA 1989); Reyher v. Reyher, 495 So.2d 797, 800 (Fla. 2d DCA 1986). Similarly, the valuation of a retirement plan should exclude any contributions made after the original final judgment of dissolution. Carroll v. Carroll, 528 So.2d 931, 933 (Fla. 3d DCA), review denied, 538 So.2d 1255 (Fla. 1988); Trant v. Trant, 522 So.2d 72, 73 (Fla. 2d DCA 1988); Howerton v. Howerton, 491 So.2d 614, 615 (Fla. 5th DCA 1986). Finally, the trial court should consider all the relevant factors listed in section 61.075(1), Florida Statutes (Supp. 1988).
In the instant case, it is obvious that the former wife received the bulk of the marital assets without competent evidence justifying such a distribution. One area of concern is the civil service retirement pension. The trial court apparently based the alimony award on the husband's current income. The 25% interest in the former husband's retirement plan was part *1392 of the distribution of marital assets. Even assuming that the wife's social security should not have been included in the marital assets,[4] the trial court has made it appear that premarital and post-dissolution contributions were incorrectly valued within the 25%. See Trant v. Trant, 545 So.2d 428 (Fla. 2d DCA 1989) (appeal after remand); and Carlson v. Carlson, 549 So.2d 1160 (Fla. 3d DCA 1989). It is incumbent upon the trial court to calculate a retirement plan at its present value by the date of dissolution at the latest minus any premarital contributions. We note also a danger that the retirement pension will ultimately be used as a basis for determining alimony as well as for equitable distribution purposes. See Ward v. Ward, 502 So.2d 477 (Fla. 3d DCA 1987) (district court held that where "forced" retirement may establish changed circumstances permitting a modification, "voluntary" retirement will not).
In regard to alimony, a trial court may properly award permanent periodic alimony of $680.00 biweekly under facts such as these as long as a reasonable equitable distribution has been made. Having a job or income is not necessarily the same as being self-supporting or as demonstrating the capacity for self-support. Where a former wife cannot reasonably hope to support herself by her earnings, circumstances may require permanent periodic alimony. Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983), petition for review denied, 453 So.2d 1364 (Fla. 1984). Because of her age and her health, it is questionable whether this former wife can produce sufficient income for herself.
Accordingly, because the record does not support the disproportionate division of marital assets[5] and in order to maintain an interrelated scheme, the amended final judgment is reversed and the cause remanded for a reconsideration of the distribution of marital assets as well as the award of alimony.
REVERSED AND REMANDED.
DANIEL, C.J., concurs.
GOSHORN, J., concurs specially with opinion, with which DANIEL, C.J., concurs.
GOSHORN, Judge, concurring specially.
I concur in the majority opinion, agreeing it is the responsibility of the trial court to calculate a retirement plan at its present value (by the date of the dissolution at the latest), subtracting any premarital contribution. However, it is the obligation of the party asserting the claim to present evidence sufficient to enable the court to make the appropriate calculation. If the nonowner asserts an interest in the plan, claiming it to be a marital asset, yet neglects to present such evidence, that claimant has not met his or her burden of proof and the claim must fail. Zaborowski v. Zaborowski, 547 So.2d 1296 (Fla. 5th DCA 1989).
NOTES
[1] See also, Poe v. Poe, 522 So.2d 50, 51 (Fla. 5th DCA 1988); Laman v. Laman, 490 So.2d 985, 986 (Fla. 5th DCA), review denied, 500 So.2d 544 (Fla. 1986); Tuller v. Tuller, 469 So.2d 212, 213 (Fla. 5th DCA 1985); Ente v. Ente, 442 So.2d 232, 233 (Fla. 5th DCA 1983); DiPrima v. DiPrima, 435 So.2d 876, 878 (Fla. 5th DCA 1983), petition for review denied, 447 So.2d 886 (Fla. 1984); Mahaffey v. Mahaffey, 401 So.2d 1372, 1374 (Fla. 5th DCA 1981).
[2] See § 61.075(3)(a).
[3] It is important to note that even under this statutory section, the trial judge has discretion to value the marital assets on any other date which is just and equitable under the circumstances. In any event, because assets purchased prior to marriage are not marital assets and assets purchased or contributions made after a dissolution are not marital assets, valuations must be at a time no later than the final judgment of dissolution.
[4] As this case demonstrates, a difficulty arises when one spouse has another type of retirement plan in lieu of social security. If a trial court awards 25% or 50% of this plan to the non-employee spouse, the non-employee spouse could also receive social security payments under his or her own earnings record where applicable. The result is inequitable because it produces a windfall for the non-employee spouse. See Reepy, Community and Separate Interests in Pensions and Social Security Benefits After Marriage of Brown and Erisa, 25 UCLA Law Review 417 (1978), for a thorough discussion of the valuation of social security benefits. See also Summers v. Summers, 491 So.2d 1270, 1272 (Fla. 2d DCA 1986), where the appellate court would have considered FICA contributions for purposes of equitable distribution had the issue been properly raised at the trial court level.
[5] See Zachary v. Zachary, 551 So.2d 577 (Fla. 2d DCA 1989); Moore at 256; Szemborski v. Szemborski, 512 So.2d 987, 988 (Fla. 5th DCA 1987), review denied, 520 So.2d 586 (Fla. 1988); Wynn v. Wynn, 478 So.2d 380, 381 (Fla. 5th DCA 1985).