558 So.2d 205 (1990)
Thomas R. FULKS, Appellant,
v.
Diana C. FULKS, Appellee.
No. 89-00325.
District Court of Appeal of Florida, Second District.
March 23, 1990.
Preston Devilbiss, Jr., Bradenton, for appellant.
Michael E. Sweeting of Pflaum, Dannheisser & Sweeting, P.A., Sarasota, for appellee.
SCHOONOVER, Judge.
The appellant, Thomas R. Fulks, challenges those portions of a final judgment of dissolution of marriage which divided the parties' property and awarded permanent periodic alimony to the appellee, Diana C. Fulks. We find that the trial court did not err in dividing the parties' property and accordingly affirm that portion of the final judgment. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We agree, however, with the appellant's contention that the *206 court abused its discretion by awarding permanent periodic alimony to the appellee. The appellee did not assert a right to receive rehabilitative alimony.
At the conclusion of the final hearing in this matter, the court awarded the appellant's interest in the major asset of the parties, the marital home, to the appellee. The court also awarded the appellee permanent periodic alimony in the amount of $100 per week. We recognize that the trial court has the discretion to determine if permanent periodic alimony is appropriate under the circumstances of each case, and absent a clear abuse of discretion, we are not justified in substituting our judgment for the judgment of the trial court. Marlow v. Marlow, 464 So.2d 717 (Fla. 2d DCA 1985). It is our responsibility, however, to determine if the trial court abused its discretion in making that determination. Lang v. Lang, 459 So.2d 402 (Fla. 4th DCA 1984). The record presented to us is without any basis to justify an award of permanent periodic alimony. § 61.08, Fla. Stat. (1987); Wismar v. Wismar, 522 So.2d 552 (Fla. 5th DCA 1988); Evans v. Evans, 443 So.2d 233 (Fla. 1st DCA 1983). The parties were married for approximately six years and had no children. At the time of the final hearing, the appellee was forty years of age, in good health, and had worked at the same job for approximately fourteen years. The fact that the appellant had more income than the appellee did not justify the award. Wismar; Evans.
We, accordingly, hold that the trial court abused its discretion in awarding permanent periodic alimony to the wife and reverse and remand with instructions to enter an amended final judgment removing this award. We affirm the trial court in all other respects.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, C.J., and PATTERSON, J., concur.