598 So.2d 310 (1992)
Myron Lee MURRAY, Appellant,
v.
Kristi Lee MURRAY, Appellee.
No. 91-02015.
District Court of Appeal of Florida, Second District.
May 22, 1992.
*311 M. Katherine Ramers of Boyer and Koch, P.A., Dunedin, for appellant.
Joseph R. Park and Andrew J. Rodnite, Jr. of Park, Rodnite, Hammond and Ossian, P.A., Clearwater, for appellee.
SCHOONOVER, Chief Judge.
The appellant, Myron Lee Murray, challenges certain portions of the final judgment dissolving his marriage to the appellee, Kristi Lee Murray. We affirm in part and reverse in part.
The parties were married in February 1982, the wife gave birth to twins in 1986, and the parties separated in 1988. At the time of the final hearing, the appellee was thirty years of age, a high school graduate, in good health, and had worked for the same employer for twelve years. Although some of the appellant's deductions from gross income were contested, it appears that his available monthly income was approximately $1886.32 and the appellee's was approximately $1150.95. At the conclusion of the proceedings, the trial court entered a final judgment dissolving the parties' marriage and determined their respective rights and obligations.
The court ordered shared parental responsibility of the children, awarded primary custody of the twins to the appellee, and limited the appellant's visitation rights. The appellant was ordered to pay $1000 per month in child support and to provide medical, dental, and ocular insurance for the children. In addition to the provisions concerning the twins and other matters not material to this appeal, the judgment divided the parties' marital assets and liabilities. The appellant was ordered to pay rehabilitative alimony in the amount of $200 per month for two years, $50 per month permanent periodic alimony and an attorney's fee of $3000. The appellant filed a timely notice of appeal.
The appellant contends that the court erred in distributing the parties' assets and liabilities, in awarding permanent and rehabilitative *312 alimony, in determining the amount of child support, and in limiting his visitation rights. The appellant also contends that the court erred in requiring him to pay the appellee's attorney's fees.
The trial court did not abuse its discretion in distributing the parties' assets and liabilities. Nor, in light of the conditions that existed at the time of the final hearing, did the trial court abuse its discretion by limiting the appellant's right of visitation. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We also find that the trial court did not abuse its discretion by ordering the appellant to pay $1000 per month child support and requiring him to provide the children with medical, dental, and ocular insurance. Canakaris. We, accordingly, reject the appellant's contentions relating to the trial court's decision in regard to equitable distribution, child support, and visitation.
We agree, however, with the appellant's contention that the court erred by ordering him to pay both permanent and rehabilitative alimony and the appellee's attorney's fees.
We recognize that the trial court has broad discretion to determine whether permanent periodic alimony is appropriate under the circumstances of each case and that absent a clear abuse of discretion, we are not justified in substituting our judgment for the judgment of the trial court. See Canakaris; Fulks v. Fulks, 558 So.2d 205 (Fla. 2d DCA 1990). It is our responsibility, however, to determine whether the trial court abused its discretion in making that determination, and in this case we find that it did.
The primary elements to be considered when determining permanent periodic alimony are the needs of one spouse and the ability of the other spouse to pay. The criteria for establishing the need of a spouse include the parties' earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during the marriage, and the value of the parties' estates. Canakaris; § 61.08, Fla. Stat. (1989). The record in this case indicates that the values of the parties' respective estates were nominal. The parties lived together as husband and wife for approximately six years. At the time of the final hearing the appellee was thirty years of age, had a high school education, was in good health, and had worked at the same job for approximately twelve years. Based upon this evidence, the trial court erred by finding that the appellee could not be self supporting and awarding her permanent periodic alimony. Fulks; Wismar v. Wismar, 522 So.2d 552 (Fla. 5th DCA 1988); Evans v. Evans, 443 So.2d 233 (Fla. 1st DCA 1983); Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983), petition for review dismissed, 453 So.2d 1364 (Fla. 1984). The fact that the appellant has more income than the appellee does not change the result. Fulks; Wismar; Evans.
Even though the trial court erred in awarding the appellee permanent periodic alimony, the record contains sufficient evidence to sustain the award of rehabilitative alimony. The appellee testified that her present employment was merely clerical and that she had little chance for advancement. At the time of the final hearing, she had enrolled in a nursing program, which she believed would offer her a more stable financial future. She requested financial assistance in obtaining further education, and the court did not err in awarding her rehabilitative alimony for two years so that she could endeavor to become a nurse. Wismar; Evans; Campbell.
We also agree with the appellant's contention that the court erred by ordering him to pay the appellee's attorney's fee. When the trial court has made a truly equitable distribution of marital assets, as it did in this case, it is inequitable to diminish the award by requiring one party to pay the other's fees where both have substantially equal ability to pay. Benekos v. Benekos, 557 So.2d 942 (Fla. 2d DCA 1990).
We, accordingly, reverse and remand with instructions to remove from the final judgment the requirement that the appellant pay permanent periodic alimony and *313 attorney's fees. We affirm the trial court in all other respects.
Affirmed in part, reversed in part, and remanded with instructions.
LEHAN and PATTERSON, JJ., concur.