COBB, Judge.
The former husband, Richard A. Ennis, has appealed a final judgment of dissolution in regard to awards of permanent periodic alimony, child support and the equitable distribution of accrued retirement benefits.
The latter issue, as we see it, is primarily a semantical one. The trial court awarded each party one-half of the other party’s pension plan “of the accrued benefits at actual times of payment measured from the date of employment through January *565 29, 1992 (the date of trial).” The appellant’s concern is that this language could be interpreted as requiring computation of a percentage figure based on salary at the time of actual retirement in the future, which would mean that each party would receive benefits from the other which were earned after dissolution of the marriage. That is not our construction of the trial court’s language, which we believe requires an award based only on benefits accrued during the marriage consistent with our opinion in Bain v. Bain, 553 So.2d 1389 (Fla. 5th DCA 1990).
Additionally, we find no error in the award of child support, but agree with the appellant that the evidence adduced before the trial court does not support an award of permanent periodic alimony. See Kennedy v. Kennedy, 303 So.2d 629 (Fla.1974); Siegel v. Siegel, 564 So.2d 226 (Fla. 5th DCA 1990); Fulks v. Fulks, 558 So.2d 205 (Fla. 2d DCA 1990); Rezner v. Rezner, 553 So.2d 334 (Fla. 4th DCA 1989); Griffith v. Griffith, 528 So.2d 1325 (Fla. 5th DCA 1988); Evans v. Evans, 443 So.2d 233 (Fla. 1st DCA 1983); Snider v. Snider, 371 So.2d 1056 (Fla.3d DCA 1979), cert. denied, 383 So.2d 1202 (Fla.1980); Peck v. Peck, 291 So.2d 211 (Fla. 4th DCA), cert. denied, 301 So.2d 776 (Fla.1974). As the trial court found, the former wife "now earns a substantial income and has employment advancement opportunity.” See Wismar v. Wismar, 522 So.2d 552 (Fla. 5th DCA 1988).
We reverse the judgment below, except for the dissolution of the marriage and the child support award. Since this reversal may disturb the trial court’s equitable dis: tribution scheme, we remand for reconsideration of the distribution of marital assets. See Bain at 1392.
REVERSED AND REMANDED.
GOSHORN, C.J., and HARRIS, J., concur.