616 So.2d 629 (1993)
Robert B. CORNELL, Appellant,
v.
Deborah M. SMITH, Appellee.
No. 92-0175.
District Court of Appeal of Florida, Fourth District.
April 21, 1993.
Robert B. Cornell, pro se.
Ronald M. Zakarin and Gregg H. Glickstein of Schwartz, Gold, Cohen and Zakarin, P.A., Boca Raton, for appellee.

ON MOTION FOR REHEARING
WARNER, Judge.
We withdraw our prior opinion and substitute the following in its place.
This is an appeal from a final judgment of dissolution. The husband argues that the award of permanent periodic alimony *630 of $1,000 per month to the wife was an abuse of discretion. We agree and reverse.
This was a seven year marriage which produced no children. The wife, thirty-eight years old at the time of dissolution, was earning approximately $40-45,000 annually as a commercial real estate sales associate. The wife had been employed in this capacity for all but the first six months of the marriage. The husband is an attorney earning approximately $81,000 annually.
The trial court found that the parties lived substantially beyond their means during the marriage, and that neither of the parties would be able to support the same lifestyle post-dissolution.[1] However, the trial court found it necessary to award permanent periodic alimony to the wife in order for her to achieve a standard of living similar to that which the husband will be enjoying after dissolution.[2]
The wife asserts that the award of permanent alimony in this case is justified because it was the husband's uncontrolled spending and mismanagement of money which required her to work outside the home even though she wished to stay at home with her daughter from a previous marriage. However, the trial court expressly found there was no marital misconduct on the part of the husband.[3] Furthermore, the wife does not challenge the trial court's allocation of marital assets or debts between the parties.
In Geddes v. Geddes, 530 So.2d 1011 (Fla. 4th DCA 1988), we noted that an award of permanent alimony is not appropriate in a short-term childless marriage where the parties are young and no inequity is created by the dissolution, notwithstanding the fact that a disparity exists in the parties' incomes. Id. Recently the Second District relied on Geddes in reversing an award of permanent alimony in a case strikingly similar to the instant case. Kremer v. Kremer, 595 So.2d 214 (Fla. 2d DCA 1992). In Kremer, the parties were married for six years, had no children, and the wife was thirty-six years old at the time of dissolution. Id. at 215. The wife had supported herself during the marriage, and was capable of doing so after dissolution. Id. The court recognized that the husband's income was far greater than the wife's, and as a result, the wife would not be able to maintain the marital life-style without permanent alimony. Id. However, the court held that this fact simply did not constitute a sufficient justification for an award of permanent alimony. Id.
The wife has failed to cite any case with similar facts where an award of permanent alimony has been upheld, something the wife in Kremer was also unable to do. Id. at 217. In fact, our own research indicates that the courts of this state have consistently held that mere disparity in incomes is not sufficient to justify an award of permanent alimony where the wife is relatively young and her earning capacity has not been impaired as a result of the marriage. See, e.g., Fulks v. Fulks, 558 So.2d 205 (Fla. 2d DCA 1990) (forty year old wife of six year childless marriage); Wismar v. Wismar, 522 So.2d 552 (Fla. 5th DCA 1988) (thirty-two year old wife of eight year marriage producing two children); Evans v. Evans, 443 So.2d 233 (Fla. 1st DCA 1983) (thirty-five year old wife of eighteen year marriage producing three children); Murray v. Murray, 598 So.2d 310 (Fla. 2d DCA 1992) (thirty year old wife of six year marriage producing two children).
*631 We find Kremer to be factually indistinguishable from the instant case. Even though there is a disparity in the parties' incomes, there is no basis in the record which supports the trial court's award of permanent alimony to this relatively young wife of a short-term, childless marriage.
Therefore, we reverse all financial aspects of the final judgment given the apparent interrelationship between the allocation of debts and the award of permanent alimony, and remand for further consideration.
Affirmed in part; reversed in part.
HERSEY, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] We have previously held that the parties' standard of living during the marriage is not a useful guide in awarding alimony where the parties lived beyond their means. See Sheiman v. Sheiman, 472 So.2d 521 (Fla. 4th DCA 1985); see also Pirino v. Pirino, 549 So.2d 219 (Fla. 5th DCA 1989).
[2] It appears from the record that the wife is actually enjoying a much more lavish life-style than the husband is currently able to afford.
[3] In any event, simple mismanagement of family finances by the party undertaking that responsibility does not constitute marital misconduct which should be considered in fashioning the economic awards in a dissolution. Gentile v. Gentile, 565 So.2d 820 (Fla. 4th DCA 1990).