PER CURIAM.
In denying appellant’s request for permanent periodic alimony, the trial court correctly noted that as this was a marriage of approximately twelve years, i.e., neither a short term nor a long term marriage, there was no presumption for or against permanent alimony, citing Zeigler v. Zeigler, 635 So.2d 50 (Fla. 1st DCA 1994). Further, the court’s findings that both parties worked during the marriage, that appellant made no unique contribution to the education or career building of appellee, that appellee assisted in raising appellant’s children, and that appellant has had significant health problems are supported in the record. In ruling on the issue of permanent alimony, however, the court relied to an extent upon the following observations:
Respondent/husband was 21 years of age at the time of the marriage, 16 years younger than his wife, almost a kid marrying a mature adult woman with three children.
There is no evidence that Respondent/husband ... was physically abusive to petitioner or her children, was an alcoholic, or did anything to contribute to Petitioner/wife’s mental condition or problems other than deciding he did not want to be married to her any longer, and that is not sufficient reason to lay blame on Respondent/husband for her depression.
Based on the above listed circumstances the Court cannot justify saddling respondent/husband.. with permanent periodic alimony for the rest of Petitioner/wife’s life.
Our review of the record and the final order convinces us that the trial court relied to an undue extent on the age disparity between the parties in denying permanent periodic alimony. That appellee chose to marry a woman sixteen years older than himself is not an appropriate basis on which to deny permanent periodic alimony, in our view. Neither is it determinative whether appellee was directly responsible for appellant’s health problems. The critical factor to be considered was that appellant was having serious health problems, including cancer of the eye and serious depression which, at the time of hearing, placed her ability to continue her employment in real jeopardy.- See § 61.08(2), Florida Statutes; see generally, Bain v. Bain, 553 So.2d 1389 (Fla. 5th DCA 1990). In our view, the court did not give this factor adequate consideration, and relied on irrelevant matters in denying permanent periodic alimony.
REVERSED and REMANDED for further consistent proceedings.
JOANOS, LAWRENCE and VAN NORTWICK, JJ, CONCUR.