CASANUEVA, Judge.
Jerry Glynn Moore, the Husband, appeals the final judgment of dissolution of marriage that awarded Leslie Anne Moore, the Wife, $750 per month permanent alimony and made equitable distribution of the marital assets and liabilities. The Husband contends that the trial court erred in making the permanent alimony award by considering a future or anticipated event and by using the wrong income figure from the Wife’s financial affidavits. We disagree and affirm the trial court’s ruling.
The Moores were married 9.7 years. At the time of trial, the Husband was 43 years old and the Wife was 32, with no children from the marriage. Two years prior to being married, the Wife was diagnosed with a debilitating disorder, Crohn’s disease. Her condition worsened during the marriage, and she suffered periods of disability and inability to work. Because of her Crohn’s disease, she had a number of surgeries and other treatments. However, at the time of trial the Wife was in remission, the duration of which could not be predicted "with any certainty. Despite her illness, she was employed full-time as an administrative assistant at the time of the dissolution.
In making its determination to award the Wife permanent periodic alimony, the trial court found that the Wife had a gross income of $1542 per month, $533 monthly disability benefits scheduled to be suspended if she continued employment for roughly another month, and expenses of $2281 per month. The Husband was employed as a lineman for the power company. His gross monthly income was $6107 and net income was $8991. The trial court assessed the parties’ relative financial resources and found a permanent alimony award of $750 per month reasonable. As a factor in making this award, the trial court said that it gave “major consideration to the Wife’s debilitating illness and the testimony that she will undoubtedly suffer periods of remission and exacerbation of her illness which will, more than likely, result in her inability to fully support herself.”
The Husband argues that the trial court’s consideration of any potential progression of the disease violated the “well-settled rule” that the court could not consider future or anticipated events because of their speculative nature. See Mallard v. Mallard, 771 So.2d 1138, 1141 (Fla.2000). Whether the trial court violated this “future event” rule of law is a legal issue and this court’s review is de novo. See Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980). As for the trial court’s decision to award permanent alimony and the amount, this court’s review is for abuse of discretion. See Lowman v. Lowman, 724 So.2d 648, 649 (Fla. 2d DCA 1999); Murray v. Murray, 598 So.2d 310, 312 (Fla. 2d DCA 1992).
It is clear that the trial court made its decision to award permanent alimony based on the statutory framework of section 61.08, Florida Statutes (2001), and *1170 not upon the occurrence of a future event. The court enumerated the factors and associated factual findings it considered, including the duration of the marriage, the couple’s lifestyle, each party’s physical and emotional health, and their respective financial resources, among others. Although the court’s reference to the progressive nature of the Wife’s Crohn’s disease may have been misleading, her present medical condition was appropriately considered in accordance with section 61.08. We hold that substantial, competent evidence demonstrated the Wife’s needs and the Husband’s ability to pay and the trial court did not abuse its discretion in making the award of permanent periodic alimony.
Next, the Husband contends that the trial court used an erroneous income figure for the Wife in its calculation of her projected earnings deficiency. The record contained substantial, competent evidence supporting use of the $1542 gross income figure. While the record also contained evidence of the Wife’s higher income figure, we will not substitute our judgment for that of the trier of fact. Therefore, we do not find the trial court abused its discretion in its determination of the monthly award of $750.
Affirmed.
SALCINES and WALLACE, JJ., concur.