983 So.2d 36 (2008)
Florin MIHAITA, Appellant,
v.
Cristina BATISTA-MIHAITA, Appellee.
No. 4D07-536.
District Court of Appeal of Florida, Fourth District.
April 30, 2008.
Rehearing Denied June 24, 2008.
Elbert Alfaro of Alfaro & Fernandez, P.A., Miami Lakes, for appellant.
Virginia R. Vetter, Tampa, for appellee.
FARMER, J.
The central issue prompting an opinion in this dissolution of marriage appeal involves alimony. To explain our reversal, we first sketch the material facts.[1]
The parties were married for 13 years and have two minor children. Both are employed: he is 35 and a consultant for Motorola; she is 42, has a Master's degree in intercultural relations and is an office manager of a furniture store. His annual salary is $108,300 but nets $6,350 monthly. He also received bonuses of $14,000 in 2005 and of $5,000 in 2004. Her annual salary is $41,592, which nets at $3,466 monthly. In testimony she conceded that she could have a higher paying position with a governmental agency like the FBI but rejects the option because it would take her away from her family.
*37 We find an abuse of discretion in awarding permanent alimony. In Cornell v. Smith, 616 So.2d 629 (Fla. 4th DCA 1993), we reversed an award of permanent alimony on strikingly similar facts, except for the minor children. There, as here, virtually the only fact underlying the award of permanent alimony was that he had greater income than she. Judge Warner explained:
"our own research indicates that the courts of this state have consistently held that mere disparity in incomes is not sufficient to justify an award of permanent alimony where the wife is relatively young and her earning capacity has not been impaired as a result of the marriage."
616 So.2d at 630. We also rejected the proposition that without permanent alimony she would be unable to maintain a lifestyle like the marriage. 616 So.2d at 629.
The question is whether the children justify permanent alimony. They are now 14 and 10 and both in school. She has their primary residential care. As the mother has been employed already on a full time basis as a manager of a furniture store, permanent alimony cannot be explained on the basis that it is necessary to enable her to stay home for them. Undoubtedly her full time employment creates some financial burdens in connection with their after-school supervision and related interests, but there is nothing in the record indicating why these burdens cannot be adequately addressed by some form of non-permanent (rehabilitative-?) alimony rather than an enduring award.
We find no abuse in any other aspect of the trial court's final disposition, so we remand for the court to consider whether some kind of non-permanent alimony may be appropriate and, if so, to fix the amount. In this regard, we caution that the existing monetary dispositions place the husband close to  if not actually over  his ability to pay.
Reversed.
KLEIN and HAZOURI, JJ., concur.
NOTES
[1] When the case was originally filed by him, the parties entered into a marital settlement agreement culminating in a consent final judgment. She later moved to set it all aside because of fraud. The trial court found that he had fraudulently induced the agreement and vacated the judgment. We affirmed. Mihaita v. Batista-Mihaita, 917 So.2d 880 (Fla. 4th DCA 2005). He then filed an amended petition, and the case proceeded from that point through trial and the final judgment we review today.