537 So.2d 637 (1988)
Charles A. JOHNSON, Appellant,
v.
Amanda JOHNSON, Appellee.
No. 88-174.
District Court of Appeal of Florida, Second District.
December 30, 1988.
Rehearing Denied February 1, 1989.
Clair L. Hamner of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Tampa, for appellant.
John M. Strickland of Livingston, Patterson & Strickland, P.A., Sarasota, for appellee.
THREADGILL, Judge.
In this appeal, the former husband challenges that part of a modification of the final judgment of dissolution of marriage *638 which orders him to pay his former wife $330,000 lump sum rehabilitative alimony. We reverse, finding no evidence of a substantial change of circumstance since a previous modification to support the award.
The parties were divorced in 1977. Their separation agreement was incorporated into and made a part of the final judgment of dissolution of marriage. The agreement specified, inter alia, that the husband would pay the wife $2,000 per month as alimony and child support for a period of ten years and one month. Subsequently, the wife petitioned for modification and in October, 1980, the trial court granted the wife's petition based on a prior oral agreement, and ordered the husband to pay an additional $800 per month. On appeal, this court set aside the order but remanded, finding that the original separation agreement had the characteristics of one providing for alimony and support, as opposed to a nonmodifiable property settlement, and was subject to modification upon a showing of changed circumstances. Johnson v. Johnson, 403 So.2d 1388 (Fla.2d DCA 1981).
Upon a finding of changed circumstances in 1983, the trial court increased the wife's alimony to $3,000 per month. The court found that the wife's income had substantially decreased, that she was unemployed and in poor health, and that the husband's income had substantially increased since the final judgment of dissolution. The order was appealed, and affirmed by this court.
We now have before us the order resulting from a second petition for modification, filed by the wife in October, 1986. This second petition again alleged a substantial change of circumstances in the wife's needs since the entry of the final judgment of June 6, 1977. The petition alleged that the wife's income had substantially decreased, that she was unemployed and in poor health and had been unable to develop skills to support herself. The petition also alleged that the former husband was able to pay permanent alimony. The evidence presented conformed to the petition. The trial court entered an order requiring the former husband to continue to pay $3,000 per month as rehabilitative alimony for six months and to pay $330,000 as lump sum rehabilitative alimony immediately thereafter. This appeal, challenging only the lump sum award, was timely filed.
The wife's petition for this second modification alleged a substantial change since the entry of the final judgment in 1977, but not since the entry of the 1983 modification. Nor does the evidence reflect any substantive change of circumstance since the previous modification of the final judgment.
A modification of alimony can be based only on circumstances changed since the prior award. Hosford v. Hosford, 362 So.2d 973 (Fla. 1st DCA 1978). In Hosford, the court held that "[o]nce the court has found sufficient change in circumstances to require modification and thereupon enters an order, the facts and circumstances supporting that modification may not be revisited by the court as a basis for further modification." Id. at 974. See also Steinau v. Steinau, 343 So.2d 631, 632 (Fla. 4th DCA 1977). As there was no evidence of a substantial change in circumstances since the previous modification, we find that the court abused its discretion in ordering the former husband to pay $330,000 as lump sum rehabilitative alimony.
Furthermore, neither the separation agreement of the parties nor the original final judgment provided for rehabilitative alimony. The present petition for modification did not specifically request rehabilitative alimony, but rather asked that the alimony be made permanent. Rehabilitative alimony is appropriate only where the receiving party has the actual or potential capacity for self support. Filkins v. Filkins, 458 So.2d 73 (Fla. 2d DCA 1984). However, the wife's own pleadings allege, and the evidence she presented indicates, that she is incapable of self-support. The trial court thus erred in awarding rehabilitative alimony.
We, therefore, reverse that portion of the order which awards $330,000 as lump sum rehabilitative alimony. In all other respects the order is affirmed.
*639 AFFIRMED IN PART, REVERSED IN PART.
CAMPBELL, C.J., and PARKER, J., concur.