580 So.2d 812 (1991)
Ruth W. McLAUCHLIN, Appellant/Cross-Appellee,
v.
David D. McLAUCHLIN, Appellee/Cross-Appellant.
No. 90-00255.
District Court of Appeal of Florida, Second District.
May 15, 1991.
Rehearing Denied June 18, 1991.
*813 N. David Korones, Clearwater, for appellant/cross-appellee.
Howard B. Bischoff, Bradenton, for appellee/cross-appellant.
ALTENBERND, Judge.
Both Ruth W. McLauchlin and David D. McLauchlin appeal the final judgment dissolving their marriage. The wife challenges the trial court's decisions to deny her request for permanent alimony and to impute only limited additional income to the husband. Both parties challenge the award of attorney's fees. We reverse the award of attorney's fees and affirm in all other respects.
The McLauchlins were married in 1974. They have three minor children. Their marriage did not generate significant marital assets. Both parties are employable.
During the marriage, the husband attended law school. He has been licensed to practice law in Florida since 1981. From 1981 to 1989, he practiced primarily in Manatee County. In 1988, he took a job as a part-time hearing officer. The wife maintains that this second job resulted in decreased overall earnings. A few months after the couple filed for divorce, Mr. McLauchlin moved to West Palm Beach, Florida, and accepted a job in the attorney general's office earning approximately $35,000. Shortly before the final hearing, the husband left that job and opened his own law office. As a result, his future income at the time of the final hearing was difficult to predict. The trial court chose to impute income to the husband at the level of his job with the attorney general, rather than at the somewhat higher levels he had experienced in the preceding years.
The wife is in her mid-thirties and has primary residential care of the couple's three children. She worked outside the home during part of the marriage as a secretary/office manager for her father's business and at her husband's law office. She earned approximately $20,000 annually. Neither of those jobs are options for the future. It appears that the wife is struggling to find suitable employment that will be compatible with her obligations to her children. The trial court awarded no permanent alimony and three years' rehabilitative alimony at $400 per month. Child support totals $1,110 and is based on the guidelines.
We find no abuse of discretion in the trial court's decision to impute $35,000 in income to the husband. While a higher amount might have been within the trial court's discretion, this amount is clearly reasonable under all the circumstances of this case. Desilets v. Desilets, 377 So.2d 761 (Fla. 2d DCA 1979). In the future, if the husband's private practice generates income above the level imputed at the final hearing, the amount of child support may be modified.
We also find no abuse concerning the decision to deny permanent alimony and to award rehabilitative alimony. Although this marriage was not a brief marriage, the wife is still young and able to find suitable employment. See Evans v. Evans, 443 So.2d 233 (Fla. 1st DCA 1983). The relatively equal distribution of the couple's limited assets does not create a circumstance requiring permanent alimony. Cf. Andrews v. Andrews, 479 So.2d 249 (Fla. 2d DCA 1985) (unequal distribution of significant marital assets in a thirty-year marriage is a factor supporting greater permanent alimony). In the event that the wife is unable to find suitable employment *814 within the allotted time, she may seek extended alimony. Laux v. Laux, 543 So.2d 462 (Fla. 2d DCA 1989); Sima v. Sima, 337 So.2d 863 (Fla. 2d DCA 1976); Pujals v. Pujals, 414 So.2d 228 (Fla. 3d DCA 1982).
Finally, the trial court awarded an amount of attorney's fees without providing the requisite findings. Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990); Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). From the record, we cannot determine whether the trial court's award was intended to require the husband to pay all or a portion of the wife's attorney's fees. We affirm her entitlement to fees, but remand for a proper determination of the amount.
Affirmed in part, reversed in part.
CAMPBELL, A.C.J., and LEHAN, J., concur.