SCHEB, Judge.
Carol Harper, the former wife, challenges the trial court’s second amended final judgment ordering equitable distribution of marital assets. We have reviewed all of her points on appeal, and we find error only in the trial court’s structuring of the lump sum alimony awarded to her.
This is the second appearance of this case before us. Previously, we remanded with directions that the former husband’s 36% ownership interest in a building rented by his accounting partnership be included in the court’s consideration of equitable distribution and not simply as part of a future income stream. Harper v. Harper, 546 So.2d 438 (Fla. 2d DCA 1989). In an effort to comply with our mandate, the trial court entered a second amended final judgment ordering the husband to pay to the wife $300 per month for 204 months as lump sum alimony to compensate the wife for her interest in the building account asset.
While the trial court was correct in attempting to award the wife the equivalent value of her interest, it erred in the method of imposed payment. The trial judge theorized that if the wife invested the $300 per month at eight per cent interest computed monthly, that at the end of 204 months it would create an asset of $130,000. The trial court abused its discretion by assuming that the wife would allow the monthly payments to be deposited for 204 months accruing interest before she realized her one-half interest in the building account, while the husband’s enjoyment of his one-half marital interest is immediate.
We think the wife should be entitled to the benefit of the award at this time, or to the extent that her entitlement is deferred, the amount of her entitlement should bear interest at the statutory rate. The court determined the building account to be valued at $250,000. Therefore, we order the trial court to enter a third amended final judgment awarding the wife $125,000 as equivalent present value for her one-half interest in the building account. This $125,000 must be paid on or before five years from October 11, 1990, the date of the second amended final judgment, and interest shall accrue on the debt at the statutory rate. Further, the amount due the wife shall constitute a lien on the husband’s interest in the building. The trial court may, in its discretion, make provision for prepayments, with interest to cease on the amount of such prepayments.
We reverse the second amended final judgment insofar as it conflicts with this opinion, and affirm on all other points; we direct that a third amended final judgment be entered consistent with this opinion.
SCHOONOVER, C.J., and CAMPBELL, J., concur.