629 So.2d 918 (1993)
Charles HANN, Appellant,
v.
Nancy HANN, Appellee.
No. 92-04720.
District Court of Appeal of Florida, Second District.
December 1, 1993.
Rehearing Denied January 10, 1994.
*919 Sarah M. Chaves, Baynard, Harrell, Mascara, Ostow & Ulrich, P.A., Robert J. Finck, Wallace, Finck, Boake & Colclough, St. Petersburg, for appellant.
Myron J. Mensh, P.A., James C. Runyon, P.A., St. Petersburg, for appellee.
PARKER, Judge.
Charles Hann appeals a final judgment of dissolution of marriage, specifically challenging three aspects of the judgment. We conclude that the trial court did not abuse its discretion in awarding the wife a portion of her attorneys' fees and costs and compensation for her moving expenses but reverse the award of permanent alimony.
Charles and Nancy Hann were married for fifteen years and had one child who is now eight years old. At the time of the final hearing in November 1992, the husband was forty-five years old and the wife was forty. The husband has a bachelor of science degree in chemistry and is employed as a chemist with a yearly gross wage of $58,528.58. The wife holds both a bachelor's and a master's degree in education. Until her move to Florida in 1988, the wife was employed continuously as a teacher in either Missouri or Kansas. She earned between $28,000 and $30,000 annually in her last teaching position in Kansas. The wife, however, has been unable to find full-time employment as a teacher in Florida, working both part-time in a private school and as a substitute teacher. At the time the husband filed the petition for dissolution of marriage in June 1991, the wife was not working outside of the home for the first time during the marriage. She holds current teacher certifications in both Kansas and Missouri and announced her intention to return to Missouri after the final hearing to seek a full-time teaching position. The wife has had epilepsy from an early age. The epilepsy is controlled by medication. Just prior to the final hearing, a doctor diagnosed her as having a minor heart problem which is treated by medication. The trial court found that the wife was in reasonably good health.
The parties stipulated to the equitable distribution of their assets. This resulted in an award to the husband of $68,986 of marital assets and an award to the wife of $75,936 in marital assets. The parties agreed that the husband would pay child support of $712 per month, would maintain health and dental insurance for the child, and would maintain life insurance on his life in the minimum amount of $100,000 with the child as the exclusive beneficiary. The court awarded the wife $800 per month in permanent alimony, ordered the husband to pay $3500 in moving expenses for the wife and child to move to Missouri, and ordered the husband to pay one-half of the wife's attorneys' fees and costs. We hold without discussion that the trial court did not abuse its *920 discretion in awarding the wife her moving expenses and attorneys' fees and costs. We, however, reverse the award of permanent alimony.
The primary elements which a court must consider when determining whether to award permanent periodic alimony are the needs of one spouse and the ability of the other spouse to pay. Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1980). The factors for establishing the needs of a spouse include the parties' earning abilities, age, health, education, the duration of the marriage, the standard of living enjoyed during the marriage, and the value of the parties' estates. Canakaris, 382 So.2d at 1201-02.
This is a case which falls within the "gray area" of factual situations of whether an award of permanent alimony is proper. See Gregoire v. Gregoire, 615 So.2d 694 (Fla. 2d DCA 1992); Kremer v. Kremer, 595 So.2d 214, 216-17 n. 1 (Fla. 2d DCA 1992). The wife was forty years of age at the time of the final hearing, was in reasonably good health, and had the education and experience to become self-supporting. The fact that the husband's income was more than the income of the wife does not justify the award of permanent alimony to the wife. See Fulks v. Fulks, 558 So.2d 205 (Fla. 2d DCA 1990). We recognize that this was not a short-term marriage; however, the wife is relatively young and, as the trial court found, the wife is "reasonably expected to secure employment in her chosen field of teaching." See McLauchlin v. McLauchlin, 580 So.2d 812 (Fla. 2d DCA), review denied, 591 So.2d 182 (Fla. 1991). We, therefore, conclude that the trial court abused its discretion in awarding permanent alimony.[1]
That is not to say that the facts do not justify awarding the wife alimony. Clearly she needs alimony to reestablish her ability to become self-supporting. The husband concedes that rehabilitative alimony may be appropriate. The wife provided support during most of the marriage and stated that she intends to return to Missouri to find a teaching position. Rehabilitative alimony is proper to aid the recipient in the transition from married life to single life. Shea v. Shea, 572 So.2d 558 (Fla. 1st DCA 1990). Rehabilitative alimony should be awarded to the wife in this case to cushion her reintroduction into a teaching position in the Midwest. If the wife's best efforts fail to gain her employment, she may seek a longer period of rehabilitative alimony. See Fulks. Additionally, if other factors such as earning ability, age, or health later affect the ability of the wife to become self-supporting, she then may seek permanent alimony. See Canakaris.
We reverse that portion of the final judgment of dissolution that awards the wife permanent alimony and direct the trial court to award rehabilitative alimony to the wife in the amount and for the duration supported by the evidence. Otherwise, the judgment is affirmed.
Reversed and remanded.
DANAHY, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] We note that the trial court was aware that the wife planned to move to Missouri and to teach there; thus, the wife's employment as a teacher would not be grounds for the husband to seek a modification of permanent alimony. See Johnson v. Johnson, 537 So.2d 637 (Fla. 2d DCA 1988) (changed circumstances sufficient to justify a modification of alimony can be based only on circumstances changed since the prior award), review denied, 544 So.2d 200 (Fla. 1989).