PER CURIAM.
This cause is before us on appeal from an order granting the Former Wife’s 1993 alimony modification petition. The parties were divorced in 1974, whereupon Former Husband was ordered to pay $25 per month in permanent alimony to Former Wife. In 1979, Former Wife petitioned for, and was granted, an upward modification in her alimony award to $50 per month. In 1993, Former Wife again petitioned for, and again was granted, an upward modification in her alimony award to $400 per month.
Former Husband now appeals the order granting Former Wife’s 1993 modification petition, arguing that the trial court reversibly erred by erroneously considering evidence of matters which predated the granting of Former Wife’s 1979 modification petition. See Johnson v. Johnson, 537 So.2d 637 (Fla. 2d DCA 1988) (holding that an alimony modification can be based only on circumstances changed since the prior award), rev. denied, 544 So.2d 200 (Fla.1989); Hosford v. Hosford, 362 So.2d 973 (Fla. 1st DCA 1978) (holding that “[o]nce the court has found sufficient change in circumstances to require modification and thereupon enters an order, the facts and circumstances supporting that modification may not be revisited by this court as a basis for further modification.”).
We disagree. Although the order at issue indeed references circumstances predating the 1979 modification, we find that these references are merely historical in nature and do not form the basis of the present upward modification. To the contrary, the record before us supports the trial court’s conclusion “that the [former] husband has an ability to contribute to an increase in alimony, that there has been a substantial change in his ability and that there has been a substantial change in the [former] wife’s need” since the 1979 modification. Bedell v. Bedell, 583 So.2d 1005 (Fla.1991). We, therefore, AFFIRM.
BOOTH, JOANOS and MINER, JJ., concur.