667 So.2d 846 (1996)
Joel ARESTY, Appellant/Cross-appellee,
v.
Alice W. WEINSTEIN, Appellee/Cross-appellant.
No. 93-2831.
District Court of Appeal of Florida, Third District.
January 10, 1996.
Rehearing Denied February 28, 1996.
*847 Joel M. Aresty, in proper person.
Paul Morris, Coral Gables, and Gerald I. Kornreich, Miami, for appellee/cross-appellant.
Before HUBBART, GODERICH and GREEN, JJ.
GODERICH, Judge.
The husband, Joel M. Aresty, appeals from the final judgment of dissolution of marriage. The wife, Alice W. Weinstein, cross-appeals from the same judgment. We affirm, in part, and reverse, in part.
The parties were married for twelve years and have two minor children. Throughout the marriage, both parties, who are now approximately 45 years old, worked as attorneys. In fact, the wife also has a LL.M. in taxation. During the final divorce proceedings, the husband was asked to either voluntarily resign or face involuntary removal because the law firm was "over-partnered." The husband voluntarily resigned and will receive severance payments of approximately $10,000 a month for eighteen months. The wife is unemployed at the present time; however, expert testimony established that the wife is capable of earning $75,000 to $105,000 per year.
After the conclusion of the divorce proceedings, the trial court found that the husband's severance payments could be the husband's only income for the next eighteen months. Further, the trial court found that the wife, although presently unemployed, is capable of earning approximately $90,000 per year as an attorney. The trial court entered a final judgment of dissolution of marriage ordering the husband to pay $2,550 per month in child support and $3,500 per month in permanent alimony. The husband appeals from this final judgment and raises two issues that merit discussion.
First, the husband contends that the trial court abused its discretion in awarding permanent periodic alimony to the wife. We agree.
"An award of permanent alimony is improper where the evidence does not reflect a permanent inability on the part of the wife to become self-sustaining." Wismar v. Wismar, 522 So.2d 552, 553 (Fla. 5th DCA 1988). In the instant case, the trial court's findings indicate that the wife is capable of becoming self-sustainingshe is capable of earning $90,000 per year. Although the trial court found that the husband is capable of earning more than the wife, this alone is not a sufficient basis for an award of permanent periodic alimony. See Hann v. Hann, 629 So.2d 918, 920 (Fla. 2d DCA 1993) ("fact that the husband's income was more than the income of the wife does not justify the award of permanent alimony to the wife."); Kremer v. Kremer, 595 So.2d 214 (Fla. 2d DCA 1992). We find that the trial court abused its discretion in awarding permanent periodic alimony to the wife.
Under the circumstances, however, we find that an award of rehabilitative alimony is appropriate. Because the wife has not practiced law on a full-time basis for approximately the past two years, the wife may need a period of time to become totally self-supporting. See Hann v. Hann, 629 So.2d at 920 ("Rehabilitative alimony should be awarded to the wife in this case to cushion her reintroduction into a teaching position...."); Campbell v. Campbell, 432 So.2d 666, 668 (Fla. 5th DCA 1983) (where wife has "capacity or potential for self-support in a manner similar to that enjoyed by her during the marriage, but may not be quite ready to weather the storm alone, rehabilitative alimony, not permanent, is the award of choice."), petition for review dismissed, 453 So.2d 1364 (Fla.1984). Accordingly, we reverse the award of permanent periodic alimony and remand for the imposition of rehabilitative alimony in the amount of $3,500 per month for eighteen months.
Second, the husband argues that the final judgment is not clear as to which party is responsible for the payments of the children's health insurance. We agree.
The final judgment provides as follows: "Using the net income figures for the gross figures outlined above, the cost of private *848 school, health insurance, camp and the 7.5% over $10,000/month set forth in the Guidelines, the Court finds that the child support is set at $4078 per month of which the Husband's share is $2,550 per month." The final judgment, however, also states that "[t]he husband shall maintain health insurance on the children...."
This final judgment appears to be inconsistent. In one portion of the final judgment, it seems that the child support payments include health insurance. However, another portion of the final judgment orders the husband to maintain the children's health insurance. We remand this cause to the trial court for a clarification as to whether the husband, in addition to paying $2,550 per month in child support, must also maintain the children's health insurance. See, e.g., Eckroade v. Eckroade, 570 So.2d 1347, 1348 (Fla. 3d DCA 1990).
As the wife correctly points out on cross-appeal, the final judgment awarded the marital home to the wife, but is silent as to which party is responsible for the mortgage payments. We, therefore, remand this cause to the trial court for such a determination.
We find that the remaining points raised by the parties on appeal and cross-appeal lack merit.
Affirmed, in part, and reversed and remanded with directions, in part.