SHEVIN, Judge.
Elbert L. Young appeals an Order On Exceptions to Amended Report of General Master Dated April 10, 2001 asserting error in the court’s alimony and pension plan awards. Norma P. Young cross-appeals attacking the court’s recognition of the parties’ purported settlement agreement. We reverse on appeal and affirm on cross-appeal.
We reverse the portion of the order that awards the former wife $1200 monthly as permanent periodic alimony. The general master’s report contains no findings to support the alimony award. The court’s adoption of the report, without any findings, is error. § 61.08, Fla. Stat. (2001); Jahnke v. Jahnke, 804 So.2d 513 (Fla. 3d DCA 2001); Vitalis v. Vitalis, 799 So.2d 1127 (Fla. 5th DCA 2001); Beasley v. Beasley, 717 So.2d 208 (Fla. 5th DCA 1998). On remand, the court shall reconsider the issue and make appropriate findings to justify any award.
The valuation of the marital and non-marital portions of the former husband’s pension plan must also be reversed. The parties stipulated below to the present value of the pension; the sole dispute involved the value of the marital portion. The master’s valuation reiterated former wife’s counsel’s unsupported argument regarding the value of the marital portion. However, the record demonstrates that the former wife presented no evidence to support her proposed valuation. The court’s adoption of that valuation cannot be upheld in the absence of any evidence. Banton v. Parker-Banton, 756 So.2d 155 (Fla. 4th DCA 2000); Cervoni v. Cervoni, 715 So.2d 282 (Fla. 3d DCA 1998); Knecht v. Knecht, 629 So.2d 883 (Fla. 3d DCA 1993); Polley v. Polley, 588 So.2d 638 (Fla. 3d DCA 1991); Eckroade v. Eckroade, 570 So.2d 1347 (Fla. 3d DCA 1990). On remand, the trial court shall rehear the issue and enter a ruling supported by the evidence presented. After doing so, the court shall revisit the equitable distribution scheme as these valuations are a part thereof.
Turning to the former wife’s cross-appeal, she asserts that the court erred in upholding an alleged agreement between the parties regarding the division of certain asserts. We affirm, as the court’s division of all the parties’ assets complies with all requirements of equitable distribution. § 61.075, Fla. Stat. (2001). The existence, or non-existence, of any agreement did not impact the distribution; the former wife is not arguing that there were undisclosed assets or that the distribution of the assets is inequitable. Hence, there is no ground for reversal on this basis. In any event, the trial court shall revisit the equitable distribution upon revaluation of the pension.
Reversed in part, affirmed in part and remanded.