PER CURIAM.
In this appeal from a final judgment of dissolution of marriage, the former husband argues the trial court abused its discretion in awarding the former wife $150 per month in permanent periodic alimony and in awarding her the use and possession of the marital residence, but directing her to buy out the former husband’s one-half interest, worth $37,500, at the rate of $150 per month, plus interest, over the course of twenty years. We agree that the trial court abused its discretion concerning these matters.
As for the alimony award, the relative youth of the former wife, her two years’ worth of college, and her experience of running a successful pressure-washing business (the recent loss of which, resulting from the BP ® oil spill, ended in her receipt of $39,000 in compensation) is evidence that “ ‘does not reflect permanent inability on the part of the [former] wife to become self-sustaining.’ ” Aresty v. Wein-stein, 667 So.2d 846, 847 (Fla. 3d DCA 1996) (quoting Wismar v. Wismar, 522 So.2d 552, 553 (Fla. 5th DCA 1988)). See also Rosecan v. Springer, 845 So.2d 927, 930 (Fla. 4th DCA 2003). In regards to the division of the parties’ equity in the marital home — their singular major asset — section 61.075(10), Florida Statutes, grants the trial court the discretion to order an equitable distribution of marital assets payable in installments over a fixed period of time. The present installment scenario, however, which spans twenty years, effectively deprives the former husband of his present one-half interest in the marital home. Cf. Posner v. Posner, 39 So.3d 411, 415 (Fla. 4th DCA 2010) (holding the trial court abused its discretion where the installment plan worked “[t]o deprive the husband of the majority of the assets of the marriage for the rest of his life”).
Accordingly, the award of permanent periodic alimony to the former wife and the equitable distribution installment plan concerning the marital home are REVERSED, and the cause is remanded to the trial court for further consideration of these issues.
LEWIS, C.J., BENTON, and SWANSON, JJ., concur.