NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TANGIE L. THOMAS-NANCE,                    )
                                           )
            Appellant,                     )
                                           )
v.                                         )        Case No. 2D15-2320
                                           )
GAYLAND MARCIO NANCE,                      )
                                           )
            Appellee.                      )
_____)

Opinion filed April 20, 2016.

Appeal from the Circuit Court for
Hillsborough County; Martha J. Cook,
Judge.

Deborah Marks of Deborah Marks, P.A.,
Miami, for Appellant.

No appearance for Appellee.


VILLANTI, Chief Judge.


        Tangie L. Thomas-Nance (the Wife) seeks review of the final judgment of

dissolution of her marriage to Gayland Marcio Nance (the Husband).  We affirm all

aspects of the final judgment except the provision that permitted the Husband to pay the

Wife her $25,000 interest in the marital home at the rate of $100 per month.  As to that

single issue, we reverse and remand for reconsideration.

The parties were able to resolve all of the issues between themselves except for the disposition of the marital home, which was the only asset of significant value owned by the parties. The Husband had inherited the home from his mother during the course of the marriage, but he added the Wife's name to the deed and she contributed to the upkeep and maintenance of the home during the parties' twenty-two-year marriage. The parties agreed that the home was marital property, that the amount of equity was $50,000, and that each should receive half of that amount.

Because the parties had few other assets, neither party had the ability to buy out the other's share of the home. The Wife suggested that the house be sold so that the parties could each take their interest from it. The Husband objected to this suggestion because he wanted to keep the home he inherited. Recognizing the sentimental value of the home to the Husband, the magistrate recommended that the Husband keep the home and pay the Wife for her interest. The magistrate then asked the Husband how much he thought he could afford to pay the Wife each month toward her interest in the home. The Husband replied that he thought he could afford to pay $100 per month. Without questioning the Husband any further, and with no reference to or discussion of the Husband's income and expenses as reflected on his financial affidavit, the magistrate recommended that the Husband pay the Wife $100 per month until the $25,000 balance was paid off. Then, despite this extended payment plan, the magistrate recommended that the Wife be required to quitclaim her interest in the home to the Husband within thirty days of entry of the final judgment. The trial court adopted the magistrate's recommendations without discussion.

This decision, which effectively deprives the Wife of her present interest in the marital home, constitutes an abuse of discretion. "Discretion . . . is abused when the judicial action is arbitrary, fanciful, or unreasonable." Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980) (quoting Delno v. Mkt. St. Ry. Co., 124 F.2d 965, 967 (9th Cir. 1942)). The payment plan authorized by the trial court, which requires the Wife to wait more than twenty years to receive her share of the marital assets, is patently unreasonable.

In this regard, this case is quite similar to that of Posner v. Posner, 39 So. 3d 411 (Fla. 4th DCA 2010). There, the trial court ordered the wife to pay an equalizing payment of $85,413 to the husband at a rate of $100 per month, finding that the wife could not afford to pay more. On appeal, the Fourth District noted that at that rate it would take more than seventy years for the wife to pay the debt to the husband. The court concluded that "to deprive the husband of the majority of the assets of the marriage for the rest of his life is an abuse of discretion." Id. at 415. In reversing and remanding for reconsideration of that award, the Fourth District counseled:

> We further require that the trial court refashion the repayment of this amount so that the husband is not foreclosed from a more expeditious repayment of the amount of the equalization payment. This could be accomplished by various methods. Those may include, but are not limited to: providing a shorter payout period, including a lump sum repayment after a few years; repayment from the sale of various of the wife's assets, particularly the marital home; or allowing the amount to be reduced to judgment so that the husband is permitted to collect it from the wife's assets. Except for the option of simply reducing the equalizing payment to judgment, the court should retain specific jurisdiction over the future repayment provisions to account for changed circumstances. The court cannot, however, retain jurisdiction to change the

> amount of the original equalization payment, which is a set
> property division between the parties.

Id.; see also Evans v. Evans, 128 So. 3d 972, 973 (Fla. 1st DCA 2013) (reversing an equitable distribution scheme that allowed the wife to pay the husband for his interest in the marital home over a period of twenty years because the award "effectively deprives the former husband of his present one-half interest in the marital home"). In other words, the sentimental interest of one party in marital property cannot take priority over financial fairness to the other party.

Here, like the rulings in Posner and Evans, the trial court's order giving the Husband 20.83 years to pay the Wife for her present interest in the marital home constitutes an abuse of discretion. This abuse of discretion is compounded by the requirement that the Wife relinquish her entire interest in the home by quitclaim deed within thirty days of entry of the judgment. Accordingly, we reverse the final judgment as to this issue. On remand, as discussed in Posner, the trial court shall reconsider the award of this asset in light of the other available options, including having the Husband obtain a mortgage or line of credit to pay the Wife, requiring the Husband to sell the home to pay the Wife, or reducing the amount to judgment so the Wife may collect against the Husband's other assets, if there are any. We also caution that if the trial court elects to refashion the payment plan on remand, it must consider whether to impose interest payable to the Wife on the unpaid balance, see Erp v. Erp, 976 So. 2d 1234, 1240 (Fla. 2d DCA 2008) (noting that the wife had a right to statutory interest on the equalizing payment that arose as of the date of the judgment); it must consider whether to impose a lien on the home in favor of the Wife for the amount due from the Husband, see Harper v. Harper, 586 So. 2d 1147, 1148 (Fla. 2d DCA 1991); and it

should retain jurisdiction over any repayment provisions to account for any future change in circumstances.

Affirmed in part, reversed in part, and remanded for further proceedings.

LaROSE and LUCAS, JJ., Concur.