Ciklin, C.J.
In this appeal from a final judgment of dissolution of marriage, appellant Anthony Henry (“the husband”) raises multiple issues. We find two of the arguments related to equitable distribution have merit. We otherwise affirm.
First, we address the trial court’s inclusion of a motorcycle in its equitable distribution scheme. The husband claimed the motorcycle had been stolen, but counsel for the appellee (“the wife”) argued it should be included in the equitable distribution scheme and assigned its value at the time of filing, which counsel asserted was about $7,999. During the evidentiary portion of the hearing, the parties did not present any evidence regarding the value of the motorcycle. The trial court, apparently rejecting the testimony that the motorcycle had been stolen, included it in equitable distribution and assigned it a value of $7,999.
The trial court did not err in rejecting the husband’s claim that the motorcycle was stolen. See Maurer v. State, 668 So.2d 1077, 1079 (Fla. 5th DCA 1996) (recognizing that a judge sitting as a fact-finder may reject a witness’s uncontradict-ed testimony). Nevertheless, the court erred in assigning a value to an asset in the absence of any supporting evidence. See Young v. Young, 816 So.2d 799, 800 (Fla. 3d DCA 2002) (finding that court’s adoption of a valuation supported only by argument of counsel could not be upheld). As to this equitable distribution issue, we reverse and remand for further proceedings. The trial court may take additional evidence on the value of the motorcycle and shall revisit the equitable distribution scheme if necessary.
We turn now to the provisions of the final judgment related to the marital home. The wife was awarded the marital home, and the husband was required to “execute and return to Wife a quit claim deed within three (3) days of presentment.” The final judgment provided for the wife to make an equalizing payment to the husband, of $25,162.25 within ninety days of the date of the judgment. The husband argues that these provisions deprive him of his interest in the marital home.
The husband relies on Thomas-Nance v. Nance, 189 So.3d 1040 (Fla. 2d DCA 2016). There, the trial court awarded the marital home to the husband and required him to pay the wife $100 a month until he had paid off the wife’s $25,000 interest in the home, but required the wife to quitclaim the home to the husband within thirty days of the judgment. Id. at 1041-42. On appeal, the court found this was error, reasoning that the award “effectively deprives the Wife of her present interest in the marital home,” and that the error was compounded by requiring the wife to quitclaim the property to her husband within thirty days of judgment. Id. at 1042. The Second District characterized the twenty-year payment plan as “patently unreasonable.” Id.
Here, the wife was ordered to pay the husband his equalizing payment in full within ninety days of judgment. This payoff scheme is not comparable to the one in Thomas-Nance—the payment plan is not so attenuated that it effectively deprives the husband of his interest in the property. On its face, it is not “patently unreasonable.” However, to the extent the wife is not in a financial position to make the equalizing payment within ninety days of the judgment, the husband would in fact be deprived of his interest in the property if he had to quitclaim the marital home.
While the wife testified that she would obtain equalizing payment funds from a *254 home equity loan if necessary, she offered this testimony before she knew that the trial court would fix the equalizing payment at $25,000. Aside from this testimony, there was no evidence making it apparent that the wife was in a financial position to make the equalizing payment within ninety days of entry of the judgment or that her ability to obtain a home equity loan was likely. The trial court seemingly recognized these issues because in response to the husband’s post-judgment motion, the court required the husband to provide a quitclaim deed to the wife’s counsel, who would deliver it to the wife after the wife made the equalizing payment. The order, however, did not make it clear whether this arrangement would stay in place if this court were to affirm the final judgment.
The wife seems to believe these requirements will stay in place, as she relies on the post-judgment order in characterizing this issue as moot. Based on the lack of evidence of the wife’s ability to make the equalizing payment, and the wife’s apparent lack of objection to the imposition of requirements on delivery of the deed, we remand for the trial court to amend the final judgment to impose any conditions on execution and delivery of the deed that will ensure the husband is not deprived of his interest in the marital home.
In sum, we affirm the final judgment in part, but reverse and remand for further proceedings and amendment of the final judgment with respect to these two equitable distribution issues.

Affirmed in part, reversed in part, and remanded with instructions.

Levine and Forst, JJ., concur.