DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TEODORO LOPEZ,**
Appellant,

v.

**MARIANA GARCIA HERNANDEZ,**
Appellee.

No. 4D17-3495

[July 25, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Sherwood Bauer, Jr., Judge; L.T. Case No. 56-2017-DR-112.

Dianne Bonfiglio of Legal Response Center PL, Palm City, for appellant.

No appearance for appellee.

LEVINE, J.

The husband appeals a final judgment of dissolution of marriage, challenging the trial court's valuation of the marital home, the buy-out provision relating to the marital home, and the award of a "special equity" in the marital home to the wife. We affirm the first two issues, but reverse on the third issue.

Following a partial mediation agreement, the case proceeded to trial on the sole issue of the marital home. In the final judgment of dissolution of marriage, the trial court found that the wife bought the marital home during the marriage for $42,000. The husband's name is not on the deed. The trial court found that the home had a fair market value of $65,700 and that the wife had a "special equity" of $8,000. The court awarded the wife sole ownership of the home and ordered her to pay the husband $500 a month for fifty-five months to buy out the husband's one-half interest.

In his first issue on appeal, the husband argues that the trial court's valuation is not supported by competent substantial evidence. We affirm this issue per *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979), as the husband has failed to provide this court with a

transcript from the trial. We further reject the husband's argument that the trial court failed to support its valuation with factual findings as required by section 61.075(3), Florida Statutes (2017). Section 61.075(3) applies to a trial court's distribution of assets, not to the valuation of specific assets. As this court has recognized, there is no requirement that a trial court make findings of fact regarding the valuations placed on different properties. *Jordan v. Jordan*, 127 So. 3d 794, 796 (Fla. 4th DCA 2013); Kelly v. Kelly, 557 So. 2d 625, 627 (Fla. 4th DCA 1990).

As to the second issue, the husband challenges the portion of the order allowing the wife fifty-five months to buy out his interest in the marital home. The distribution of marital assets and liabilities is reviewed for abuse of discretion. *Canakaris v. Canakaris*, 382 So. 2d 1197, 1202 (Fla. 1980). In the absence of a transcript, an appellate court's review is limited to error apparent on the face of the judgment. *See Matteis v. Matteis*, 82 So. 3d 1048, 1048 (Fla. 4th DCA 2011). No such error is present here. Section 61.075(10), Florida Statutes (2017), explicitly gives a trial court discretion to order an equitable distribution of marital assets payable in installments over a fixed period of time. This case is unlike *Thomas-Nance v. Nance*, 189 So. 3d 1040 (Fla. 2d DCA 2016), where the buy-out period spanned twenty years and thus was "patently unreasonable," as it effectively deprived the wife of her interest in the marital home.

Finally, the husband contends that the trial court erred by awarding the wife special equity in the marital home. A trial court's distribution of assets is generally reviewed for abuse of discretion, but is reviewed de novo to the extent the issue on appeal concerns a pure question of law. *Mathers v. Brown*, 21 So. 3d 834, 837 (Fla. 4th DCA 2009).

In 2008, the legislature abolished special equity. Ch. 2008-46, § 1, Laws of Fla. "All claims formerly identified as special equity, and all special equity calculations, . . . shall be asserted either as a claim for unequal distribution of marital property and resolved by the factors set forth in subsection (1) or as a claim of enhancement in value or appreciation of nonmarital property." § 61.075(11), Fla. Stat. Under section 61.075(1), "the court shall set apart to each spouse that spouse's nonmarital assets and liabilities, and in distributing the marital assets and liabilities between the parties, the court must begin with the premise that the distribution should be equal." The court may not depart from this premise "unless there is a justification for an unequal distribution based on all relevant factors." *Id.* The statute then lists ten factors that a trial court must consider when deciding to make an unequal distribution. *Id.* Additionally, "any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent

substantial evidence with reference to the factors enumerated in subsection (1)." § 61.075(3), Fla. Stat. A trial court's failure to make statutorily required findings may warrant reversal even in the absence of a transcript. *Id.*

*Keurst v. Keurst*, 202 So. 3d 123 (Fla. 2d DCA 2016), is instructive. In *Keurst*, the trial court made an unequal distribution of proceeds from the sale of the marital home, awarding the wife a special equity of $30,000 based on her contribution of nonmarital funds to the down payment on the home. The Second District reversed because the trial court incorrectly relied on the abolished concept of special equity. Additionally, the judgment did not contain findings reflecting that the trial court conducted the unequal distribution analysis required by section 61.075(1). The Second District directed the trial court on remand to "apply section 61.075(1) to the facts, make its equitable distribution decision anew, and support its decision with findings specific to each of the factors listed in section 61.075(1)." *Id.* at 126.

In the instant case, the trial court did not make any findings as to whether the marital home—which was purchased during the marriage but titled only in the wife's name—was purchased with marital or nonmarital funds. Additionally, like in *Keurst*, the trial court improperly relied on the abolished concept of special equity and the judgment did not contain any findings reflecting that the judge applied section 61.075(1).

Accordingly, based on *Keurst*, we reverse and remand for the trial court to "apply section 61.075(1) to the facts, make its equitable distribution decision anew, and support its decision with findings specific to each of the factors listed in section 61.075(1)." *Id.* We affirm the other two issues raised on appeal.

*Affirmed in part, reversed in part, and remanded.*

DAMOORGIAN and KUNTZ, JJ., concur.

*            *            *

**Not final until disposition of timely filed motion for rehearing.**