DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ONTARIO D. JOHNSON,**
Appellant,

v.

**LAVELLE P. JOHNSON** and **ARMAJ INVESTMENTS LLC,**
Appellees.

No. 4D2025-1653

[June 3, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Jr., Judge; L.T. Case No. 502022DR008271XXXXSB.

Richard James Boyle of Richard J. Boyle Esq., LLC d/b/a The Boyle Law Firm, Wellington, for appellant.

Dodger Livingstone Arp of Law Office of Dodger Arp, P.A., West Palm Beach, for appellee Lavelle P. Johnson.

MAY, J.

The former husband appeals a final dissolution judgment. He argues the trial court erred in allowing the former wife to pay an equalization payment over the course of nearly thirty-four years. We agree and reverse.

- ***The Facts***

The former wife petitioned for dissolution of marriage. The marital estate consisted in part of two real properties. The former wife owned the marital residence, which the parties stipulated was worth $724,000, subject to a mortgage. The former husband owned a separate property through an entity he controlled, which the trial court valued at $230,000.

Evidence revealed the former husband's property was affected by significant code-enforcement liens exceeding $200,000, which were continuing to accrue. The trial court treated only $61,975 of those liens as a contingent liability for equitable distribution purposes. The court

divided that amount equally, capping the former wife's share at $30,987.50. The trial court noted the former wife's obligation could be reduced if the former husband later succeeded in mitigating the liens.

The former husband had more than $2,000 in monthly discretionary income after expenses. The former wife had about $200 per month in discretionary income. The trial court relied on this disparity in structuring the equalization payment.

In the final judgment, the trial court awarded each party his or her respective property. Because this distribution result was unequal, the court ordered the former wife to pay the former husband an equalization payment of $133,557.00. After offsetting attorney's fees awarded to the former wife, the net equalization payment was $121,299.50.

The trial court found the former wife lacked the ability to pay this amount in a lump sum and declined to require her to refinance or liquidate assets. Instead, the trial court ordered the former wife to pay the former husband $300 per month until the obligation was satisfied in full. At that payment rate, the equalization award will take approximately thirty-three years and nine months to be paid in full. The former husband, who is currently fifty years old, would not receive the final payment until approximately age eighty-four.

From the final judgment, the former husband now appeals.

- ***The Analysis***

The former husband argues the trial court's payment plan effectively deprives him of his share of the marital estate during his lifetime. The former wife responds the trial court reasonably tailored the payment plan to her limited cash flow. She further argues that payment duration alone does not make an installment plan unreasonable, and the former husband was not deprived of value because he retained the other property.

The distribution of marital assets and liabilities is reviewed for abuse of discretion. *See Canakaris v. Canakaris*, 382 So. 2d 1197, 1202 (Fla. 1980).

Section 61.075, Florida Statutes (2025), begins with the presumption that marital assets and liabilities should be distributed equally unless a justification exists for an unequal distribution. The statute authorizes the trial court to order an equalization payment "in a lump sum or in installments." § 61.075(10), Fla. Stat. (2025).

2

Although the statute gives trial courts broad discretion to structure equitable distribution awards, that discretion is not unlimited. An installment plan must be reasonable considering the parties' financial circumstances and fairly divide the parties' present marital estate. *See Bishop v. Bishop*, 47 So. 3d 326, 331 (Fla. 2d DCA 2010).

The former husband relies principally on three decisions: *Posner v. Posner*, 39 So. 3d 411 (Fla. 4th DCA 2010), *Evans v. Evans*, 128 So. 3d 972, 973 (Fla. 1st DCA 2013), and *Thomas-Nance v. Nance*, 189 So. 3d 1040 (Fla. 2d DCA 2016), to support his argument.

In *Posner*, we reversed an equalization payment schedule requiring the wife to pay the husband $85,413 at $100 per month. 39 So. 3d at 415. Under this plan, it would take more than seventy years for the wife to pay the husband the full amount. *Id.* We held the repayment structure was unreasonable because it deprived the husband of the value of the marital assets for the remainder of his life. *Id.* We directed the trial court on remand to refashion the award, suggesting alternatives such as a shorter payout period, sale of assets, or reducing the amount to judgment. *Id.*

Other districts followed *Posner* and applied its reasoning to conclude that extended payment plans are unreasonable distributions of marital assets under the statute. *See Evans*, 128 So. 3d at 973 (reversing a twenty-year buyout of the husband's interest in the marital home); *Thomas-Nance* 189 So. 3d at 1042 (reversing a buyout that would take over twenty years to complete).

This case is like *Posner*. The trial court ordered the former wife to pay the equalization amount to the former husband at $300 per month, without interest or security. The former husband will not receive the full amount for approximately 33.75 years. The former husband will be eighty-four by the time he receives the full amount. Under *Posner*, that repayment schedule effectively deprives the former husband of most of the marital assets for the rest of his life.

The former wife argues that *Posner* is distinguishable because she has limited monthly cash flow, unlike the spouse in *Posner*. She argues that she cannot afford a lump-sum payment and suggests the trial court was within its discretion in not making her refinance or liquidate assets.

The former wife attempts to distinguish *Posner* because there the former wife had additional assets. *Id.* at 415. Similarly, here, the former wife is not without assets. She retained sole ownership of the marital

home, which the parties stipulated was worth $724,000. While not factually identical, the same rule applies.

The principle to be gleaned from *Posner* is not that a lump-sum payment must always be ordered. Rather, the trial court must select a repayment structure that does not defeat the purpose of equitable distribution by depriving the recipient of a meaningful, timely realization of their share. As *Posner* suggests, there are alternatives: "providing a shorter payout period, including a lump sum repayment after a few years; repayment from the sale of various of the wife's assets, particularly the marital home; or allowing the amount to be reduced to judgment so that the husband is permitted to collect it from the wife's assets." *Id.*

The former wife attempts to distinguish *Evans* and *Thomas-Nance* by arguing that those cases involved a spouse being deprived of an ownership interest in the marital home, whereas the former husband here retained another property. That argument also overlooks the purpose of the equalization payment.

The former wife's reliance on *Lopez v. Hernandez*, 252 So. 3d 266 (Fla. 4th DCA 2018), is unavailing. There, we affirmed an installment plan lasting fifty-five months and explained that duration alone does not make a payment plan unreasonable. *Id.* at 267–68. But *Lopez* involved a much shorter repayment period. *Id.* *Lopez* does not support a nearly thirty-four year payment schedule.

Here, the current payment plan effectively deprived the former husband of his share of the marital estate during his lifetime and is thus unreasonable. We therefore reverse and remand the case for the trial court to refashion a reasonable payment plan for the equalization payment.

*Reversed and remanded.*

GROSS and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**

4